# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Foundation Investment Group, LLC, et al., <br><br> Plaintiffs, <br><br> vs. <br><br> Sultan Alshaie, et al., <br><br> Defendants. | No. CV09-2416-PHX-DGC <br><br> **ORDER** |

On January 6, 2010, the Court held a hearing on Plaintiffs' request for a temporary restraining order. During the hearing, counsel for Plaintiffs confirmed that, on the day this action was filed, Plaintiffs were both Arizona limited liability companies. Counsel also confirmed that several Defendants are Arizona residents and Arizona companies. As a result, complete diversity between the parties does not exist and this action may not be maintained under 28 U.S.C. § 1332(a)(1). *See Caterpillar, Inc. v. Lewis*, 519 U.S. 61, 68 (1996) (for diversity to exist, the citizenship of each plaintiff must be diverse from the citizenship of each defendant).

Plaintiffs also allege that jurisdiction exists under 28 U.S.C. § 1351 because Defendant Otremba-Blanc claimed to be an honorary consul of the German government. Plaintiffs' counsel confirmed during the hearing, however, that Mr. Otremba-Blanc is a citizen of the United States. The Ninth Circuit has held that "the terms 'consul or vice consul' in 28 U.S.C. § 1351(1) does not encompass an American citizen serving as honorary

consul for another country." *Foxgord v. Hischemoeller*, 820 F.2d 1030, 1037 (9th Cir. 1987). As a result, section 1351 provides no basis for jurisdiction over this case.

The Court concludes that it lacks subject matter jurisdiction. The action therefore will be dismissed.

**IT IS ORDERED:**

1. This action is dismissed for lack of subject matter jurisdiction.

2. The Clerk is directed to terminate this action.

DATED this 8th day of January, 2010.

_____
David G. Campbell
United States District Judge