1            **UNITED STATES DISTRICT COURT**

2            **FOR THE DISTRICT OF ARIZONA**

3             _____

4   **Foundation Investment Group,**  )
    **LLC, et al.,**           )

5                        )
             Plaintiffs,  )     **CV 09-02416-PHX-DGC**

6                        )

          vs.            )     Phoenix, Arizona

7                        )     January 6, 2010
   **Sultan Alshaie, et al.,**     )

8                        )
             Defendants.  )

9  _____)

10

11

12       **BEFORE:  THE HONORABLE DAVID G. CAMPBELL, JUDGE**

13         **<u>REPORTER'S TRANSCRIPT OF PROCEEDINGS</u>**

14                **<u>MOTION HEARING</u>**

15

16

17  For the Plaintiff:
           The Poster Law Firm

18           By: **RICK D. POSTER**, ESQ.
           11022 N. 28th Dr., Ste 290

19           Phoenix, AZ  85029

20

21  Official Court Reporter:
    Patricia Lyons, RPR, CRR

22  Sandra Day O'Connor U.S. Courthouse, Suite 312
    401 West Washington Street, SPC 41

23  Phoenix, Arizona  85003-2150
    (602) 322-7257

24

    Proceedings Reported by Stenographic Court Reporter

25  Transcript Prepared by Computer-Aided Transcription

**P R O C E E D I N G S**

15:07:03  1

2

3          THE COURTROOM DEPUTY:  Civil case 09-2416, Foundations

4     Investment Group, LLC, versus Sultan Alshaie.  This is the time

15:07:15  5     set for motion hearing.

6          Please announce your presence for the record.

7          MR. POSTER:  Afternoon, Your Honor.  Rick Poster on

8     behalf of Foundations Investment Group.

9          THE COURT:  Good afternoon.  Who do you have with you?

15:07:23 10          MR. POSTER:  This is Ms. Mary Almassy.

11          THE COURT:  Are you an attorney or with the client

12     or --

13          MR. POSTER:  She is a witness.

14          THE COURT:  Okay.

15:07:34 15          MR. POSTER:  Hopefully.

16          THE COURT:  Pardon?

17          MR. POSTER:  Hopefully.

18          THE COURT:  All right.  Mr. Poster -- is that how you

19     pronounce your name?

15:07:44 20          MR. POSTER:  Yes, Judge.

21          THE COURT:  Mr. Poster, let me ask you a few questions

22     initially.

23          In the complaint, as you describe the parties, you

24     indicate that Bernard Otremba-Blanc, O-T-R-E-M-B-A, hyphen,

15:08:15 25     B-L-A-N-C, lives in Arizona.  Is that right?

15:08:20  1      MR. POSTER:  From the information I've been provided,

2      I believe he does.

3               THE COURT:  Is he a U.S. citizen, to your knowledge?

4               MR. POSTER:  I think so.

15:08:30  5               THE COURT:  But he represented himself as honorary

6      consul; is that right?

7               MR. POSTER:  He has represented himself as honorary

8      German consul.

9               THE COURT:  You have Sultan Alshaie, A-L-S-H-A-I-E, as

15:08:44 10      living in Scottsdale, but also having a residence in Portland,

11      Oregon.

12               MR. POSTER:  Correct.

13               THE COURT:  But you understand he's primarily a

14      resident of Arizona?

15:08:55 15               MR. POSTER:  Primarily.  And I believe his last name

16      is pronounced Alshaie.

17               THE COURT:  Okay.  And Royal Holdings, LLC, and Royal

18      Energy, LLC, are apparently based in Arizona as well?

19               MR. POSTER:  Correct.

15:09:08 20               THE COURT:  Let me ask -- you can go ahead and sit

21      down, Mr. Poster.  Let me then ask you this question:  There

22      are two grounds for jurisdiction asserted in the case.  One is

23      diversity of citizenship.  For diversity of citizenship to

24      apply, all plaintiffs must be diverse from all defendants.  And

15:09:34 25      you've indicated that plaintiffs are citizens of the State of

15:09:37 1    Arizona and California and some defendants are citizens of

2    Arizona.  Which means we don't have complete diversity.  Could

3    you address that.

4            MR. POSTER:  Yes, sir.  That has since changed.  Since

15:09:49 5    filing the complaint, or shortly thereabouts, FIG Global has

6    closed their offices in Arizona entirely and are now only

7    operating in the state of California.

8            THE COURT:  Where are they incorporated?

9            MR. POSTER:  I believe in, I think it would be

15:10:09 10   Riverside County, California or San Bernardino County.  It's in

11   Palm Springs.

12           THE COURT:  Okay.  That may be where they're based.

13   Where is the state of incorporation?

14           MR. POSTER:  Yeah, California.

15:10:41 15           THE COURT:  So your assertion is that they're both

16   incorporated in California, correct?

17           MR. POSTER:  As far as I believe.  Now, there may be

18   some updated information, but I brought two of the corporate

19   officers here today.

15:10:56 20           THE COURT:  Okay.  When the lawsuit was filed, was FIG

21   Global -- was its principal place of business Arizona?

22           MR. POSTER:  I believe at the time they were closing

23   their offices down.  They had an incorporation here, but that

24   was since closed and now has been -- I don't think they operate

15:11:19 25   or have any corporation here any longer.

THE COURT: Well, here's the reason I ask: For
diversity purposes, a corporation, which I think includes an
LLC, has two states of residence. One is the state of its
incorporation, where it's formally incorporated and registered,
and the second is its principal place of business.

And my recollection of the law is that you look at
the residency of the parties on the date the case was filed in
deciding whether or not there is diversity jurisdiction.

So it's important, before I even know if I can go
forward with the case, for me to confirm where those two LLCs
are incorporated and where their principal places of business
were on the filing of the lawsuit.

I take it there's somebody outside who has that
information?

MR. POSTER: Yes, sir.

THE COURT: Okay.

(Brief pause in proceedings.)

MR. POSTER: I'm told from the president of the
company that both FIG Global and Foundations Investment Group
are Arizona LLCs on the date of the complaint.

THE COURT: Meaning they were organized under the laws
of the State of Arizona?

MR. POSTER: Correct. And operating as a foreign
corporation in the state of California, where their principal
offices are located.

15:14:13  1    THE COURT:  Okay.  If they're Arizona LLCs, then they

2 have residency in Arizona.  And since some of the defendants do

3 as well, there would not be complete diversity.  Do you agree?

4    MR. POSTER:  I would agree, Judge.

15:14:26  5    THE COURT:  With respect to the other basis for

6 jurisdiction, which is 28 U.S.C. section 1351, there is a Ninth

7 Circuit decision that I found this morning when I was looking

8 at that statute.  I have to say I have never had a consul being

9 served here before, so I never looked at 1351.  But I looked at

15:14:51  10 it and there is a Ninth Circuit decision, *Foxgord* case,

11 F-O-X-G-O-R-D, which is located at 820 F.2d 1030.  It's a June

12 1987 decision of the Ninth Circuit.  And after a long

13 discussion it includes this sentence under its conclusion:  "We

14 conclude the use of the terms 'consul or vice consul' in 28

15:15:18  15 U.S.C. section 1351(1) does not encompass an American citizen

16 serving as honorary consul for another country."

17    What the Ninth Circuit found is that statute really

18 is designed to address a foreign citizen who is sent to the

19 United States as a representative of the government and is a

15:15:39  20 formal consul or vice consul.

21    It looks from the allegations in the complaint, as

22 well as the affidavit of your investigator, as though there's

23 a question as to whether or not this fellow whose name I can't

24 pronounce who I mentioned a moment ago is an honorary consul

15:16:04  25 at all, but at most it appears that he's honorary.  He's an

15:16:07  1  American who may have been given an honorary title as consul,

2  and that that doesn't fall within the jurisdictional statute.

3          That would mean that I don't have jurisdiction on

4  diversity grounds or under the consul statute.

15:16:22  5          Do you have a disagreement with that, Mr. Poster?

6          MR. POSTER:  I have not read the case, but with the

7  court's understanding of what the case represents then I would

8  have to agree.

9          THE COURT:  Obviously, if I don't have jurisdiction, I

15:16:33 10  can't go forward with a TRO hearing or any other hearing.  I

11  have to dismiss the case.

12          MR. POSTER:  I understand.

13          THE COURT:  Do you have any basis for suggesting that

14  that's incorrect?

15:16:55 15          MR. POSTER:  My understanding is Mr. Otremba-Blanc is

16  a U.S. citizen and is here in Arizona.

17          THE COURT:  I think under that Ninth Circuit case

18  authority -- I did look, by the way, and even though it's a

19  1987 decision it still appears to be good authority.  I checked

15:17:13 20  Westlaw and there's been nothing overruling it.  On that basis,

21  then, there would be no jurisdiction under 1351 either, and I

22  think I need to enter an order dismissing this action for lack

23  of jurisdiction.

24          Is there anything else that you wanted to say on that

15:17:26 25  point, Mr. Poster?

15:17:29     1          MR. POSTER:  I don't believe I could with a straight

             2     face, Judge.

             3          THE COURT:  Okay.  I appreciate your candor.

             4          In light of that, there's really no -- nothing more

15:17:39     5     for me to address since I don't have jurisdiction.

             6          I think it's probably important for your clients to

             7     understand that federal district courts like this one are

             8     courts of limited jurisdiction.  The only jurisdiction we have

             9     is the jurisdiction that Congress has given us, and it's set

15:17:54    10     out in a few statutes that can be hard to apply sometimes.

            11     Diversity is notoriously complex.  But if I can't clearly

            12     conclude that I have diversity jurisdiction or jurisdiction

            13     under something like a consul statute, I can't entertain the

            14     case.  It has to be brought in state court.  And I simply have

15:18:15    15     no power to go forward, so I'm going to need to dismiss the

            16     action and leave it to you, Mr. Poster, to determine what

            17     court you ought to proceed in.

            18          MR. POSTER:  I Understand.

            19          THE COURT:  Okay.  Thanks very much.

15:18:25    20          (End of transcript.)

            21                         *  *  *  *  *

            22

            23

            24

            25

# **C E R T I F I C A T E**

15:18:25  1

2

3          I, PATRICIA LYONS, do hereby certify that I am duly

4     appointed and qualified to act as Official Court Reporter for

15:18:25  5     the United States District Court for the District of Arizona.

6

7          I FURTHER CERTIFY that the foregoing pages constitute

8     a full, true, and accurate transcript of all of that portion

9     of the proceedings contained herein, had in the above-entitled

15:18:25 10     cause on the date specified therein, and that said transcript

11     was prepared under my direction and control, and to the best

12     of my ability.

13

14          DATED at Phoenix, Arizona, this 24th day of February,

15:18:25 15     2010.

16

17

18

19

15:18:25 20                         s/ Patricia Lyons, RPR, CRR
                                   Official Court Reporter

21

22

23

24

25